## Nye v. J. C. Penney Casualty Co.

*David M. Pollick,* for plaintiff.
*Peter D. Solymos,* for defendant.

ERB, *J.,* January 13, 1984—This matter is before the court in the posture of a non-jury trial upon counsels' stipulation of facts to allow a decision concerning a basic disputed issue. The disputed issue before us is whether the expense of a special educational program at a religious affiliated school is an allowable expense to be paid under the Act of July 19, 1974, P.L. 489, No. 176 Art. 1 §101, 40 P.S.

§101, when a compatible program is available, without cost to the insureds, at a public facility.

Based upon the facts of this case, we find that it is an allowable expense under the No-fault Act.

According to the stipulated facts, minor plaintiff, Robert J. Nye, was injured in a motor vehicle accident on May 18, 1979. At the time of the accident plaintiff was insured under the No-fault Act, by defendant, J. C. Penney Casualty Insurance Company. The minor plaintiff suffered head injuries in the accident which required a special disability learning program for him to continue a meaningful education. Since the 1980-1981 school year, minor plaintiff has attended such a program at the Christian School of York at a tuition of $900 per fall/spring session and $105 per summer session. Plaintiff has made prompt written demand for payment of the tuition for the program, which defendant has refused to make any such payment. Thereafter, plaintiff brought this action against defendant seeking judgment in the amount of $1005, plus costs, 18 percent interest, and reasonable attorneys fees. With stipulation of counsel and briefs from both parties, this matter is presently before the court.

There is no doubt that plaintiff, under Section 103 of the No-fault Act is entitled to receive reasonable expenses incurred, or the reasonable value of such expenses (where no expenses are incurred) in obtaining medical and vocational rehabilitation, which includes virtually any service necessary to reduce liability and restore the physical psychological, social and vocational functioning of the victim of a motor vehicle accident. While we agree with defendant's contention that remedial religious care and treatment are not included within the definition of medical care or rehabilitation and are not treated

as part of basic loss benefits under the No-fault Act, in this case, we are not dealing with religious treatment or care but with medical and rehabilitation treatment provided by a religious oriented institution.

Defendant's claim that by paying the tuition it would be subsidizing plaintiff's religious education, therefore, must fail. In reaching our decision we take note of the fact that minor plaintiff attended this school before the accident, the tuition being paid by his guardian plaintiff. Plaintiff at present is only asking for reimbursement of the additional costs incurred in placing the minor in the special education program offered by that school.

Although minor plaintiff was initially enrolled in the Christian School of York for religious purposes, he is attending the special education classes solely for his medical and vocational well-being and therefore, the expense of these classes is included in the basic loss benefits due to plaintiff under his policy.

Defendant next argues that even if minor plaintiff is entitled to such special education, defendant is only required to reimburse plaintiff for the reasonable cost of such a program. Defendant contends that since identical instruction and education is available at no cost in the public school system and since plaintiff has a duty to mitigate damages, the reimbursement sought is excessive and unreasonable. We disagree.

Federal law clearly prohibits an insurance carrier from passing on to the public school system the cost of rehabilitation and schooling care for an injured child to whom it is otherwise obligated. 24 C.F.R. 300,301, Home for Crippled Children v. Erie Ins. Exchange, (Allegheny County, G D 80-1261, 1982). Furthermore, defendant admits in his brief that even if the rehabilitative services are rendered

gratuitously, the claimant is still entitled to the reasonable value of those services. Although defendant may challenge the reasonableness of the tuition charged as compared to other such prgrams, there is no evidence before the court that leads us to believe that the cost of this program is unreasonable.

Finally, we find that it would be unreasonable to force plaintiff to remove his son from his original school and place him in a public school, merely to save the defendant the expense of tuition. Since we find that this expense is reasonable, defendant must meet the contractual and statutory duties to plaintiff and must therefore reimburse him for expense.

Accordingly, we shall enter the following

## ORDER

And now, this January 13, 1984, based upon the facts before us and the stipulation of counsel, we find that the expense of a special education program at a regligious affiliated school is an allowable expense under the Pennsylvania No-fault Motor Vehicle Insurance Act.

We find, therefore, in favor of the plaintiff, Robert L. Nye, as parent and natural guardian of Robert J. Nye, a minor, and against J. C. Penney Casualty Company, in the amount of $1,005 plus costs.

We reserve any decision on interest and attorneys fees.